1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Case No. 3:13-cv-05871 |
| vs. | STIPULATED FINAL JUDGMENT AND CONSENT ORDER |
| Meracord LLC and Linda Remsberg, | |
| Defendants. | |

The Consumer Financial Protection Bureau ("Bureau") commenced this civil action to obtain injunctive and monetary relief and civil penalties, from Meracord LLC ("Meracord") and its president and CEO, Mrs. Linda Remsberg (collectively, "Defendants"). The Complaint alleges violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. pt. 310, and sections 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a).

The Parties, by and through respective counsel, agree to the entry of this Stipulated Final Judgment and Consent Order ("Consent Order"). Defendants have agreed to waive: service of the Complaint and Summonses; any right to seek judicial review or to otherwise challenge or contest the validity of this Consent Order; and any right that may arise in this case under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

1        The Parties having requested the entry of this Consent Order, it is therefore ORDERED,

2   ADJUDGED, and DECREED as follows:

3                                    **Findings**

4        1.        The Bureau is an agency of the United States. 12 U.S.C. § 5491(a). It has

5   independent litigating authority, 12 U.S.C. § 5564(a)-(b), including the authority to enforce the TSR

6   as it applies to persons subject to the CFPA, 12 U.S.C. § 5531(a); 15 U.S.C. §§ 6102(c)(2), 6105(d).

7        2.        Prior to June 2013, Meracord maintained accounts and processed payments for

8   consumers who had contracted with providers of Debt Relief Services and Mortgage Assistance

9   Relief Services. These services were consumer-financial services under the CFPA, 12 U.S.C.

10  § 5481(5), (15)(A)(iv), 15(A)(vii), (15)(A)(viii)(II), and Meracord is therefore a "covered person," 12

11  U.S.C. § 5481(6).

12       3.        Mrs. Remsberg is Meracord's president, CEO, and sole shareholder. She has

13  managerial responsibility for Meracord and materially participates in the conduct of its affairs. Mrs.

14  Remsberg is therefore a "related person" under the CFPA, 12 U.S.C. § 5481(25)(C)(i)-(ii), and

15  deemed a "covered person." 12 U.S.C. § 5481(25)(B).

16       4.        This Court has subject-matter jurisdiction over the Bureau's claims because they are

17  brought under Federal consumer financial law, 12 U.S.C. § 5565(a)(1), present a federal question, 28

18  U.S.C. § 1331, and are brought by an agency of the United States, 28 U.S.C. § 1345.

19       5.        Venue is proper in this district because a substantial part of the alleged events or

20  omissions giving rise to the claims occurred here, Meracord is located and does business here, and

21  Meracord and Mrs. Remsberg reside here.

22       6.        The Complaint states claims upon which relief can be granted for Defendants'

23  violations of the TSR's assisting-and-facilitating provision, 16 C.F.R. § 310.3(b), and sections 1031(a)

24  and 1036(a)(1) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1).

25

STIPULATED FINAL
JUDGMENT AND ORDER - 2

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

7.     Between approximately October 27, 2010 and July 2013, Debt Relief Service providers charged at least $11,527,567.26 in alleged unlawful advance fees in transactions in which Meracord acted as a third-party account administrator.

8.     Subject to the terms and conditions of this Consent Order, the Bureau and Defendants agree to entry of this Consent Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters arising out of or relating to the conduct within the scope of the release defined in paragraph 36 to the date this Consent Order is entered (hereinafter "Effective Date"). Defendants do not admit or deny any of the allegations, findings, or assessments set forth in the Complaint. Notwithstanding any other provision of this Consent Order, for the reasons stated in paragraph 5, Defendants consent and agree that venue and personal jurisdiction are proper in this district.

9.     The relief provided by this Consent Order is appropriate and available under sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564, 5565.

10.     Entry of this Consent Order is in the public interest.

### Definitions

11.     For purposes of this Consent Order, "Debt Relief Service" shall mean any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including but not limited to a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

12.     For purposes of this Consent Order, "Mortgage Assistance Relief Service" shall mean any product, service, plan, or program, offered or provided to a consumer in exchange for consideration that is represented, expressly or by implication, to assist or attempt to assist the consumer with any of the following: (a) stopping, preventing, or postponing any mortgage or deed

STIPULATED FINAL
JUDGMENT AND ORDER - 3

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession; (b) negotiating, obtaining, or arranging a modification of any term of dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees; (c) obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan; (d) negotiating, obtaining, or arranging any extension of the period of time within which the consumer may cure his or her default on a dwelling loan, reinstate his or her dwelling loan, redeem a dwelling, or exercise any right to reinstate a dwelling loan or redeem a dwelling; (e) obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or (f) negotiating, obtaining, or arranging a short sale of a dwelling, a deed in lieu of foreclosure, or any other disposition of a dwelling other than a sale to a third party that is not the dwelling loan holder. "Mortgage Assistance Relief Service" shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home-loan application.

13.     For purposes of this Consent Order, the term "Related Consumer Action" shall mean a private action brought by or on behalf of a consumer, or an enforcement action by another governmental entity, against Meracord or Mrs. Remsberg based on substantially the same facts as alleged in the Complaint.

**Consent Order**

**A.     Injunctive Relief**

14.     Defendants are permanently enjoined from providing account-maintenance or payment-processing services to any provider of a Debt Relief Service or a Mortgage Assistance Relief Service.

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

**B.     Civil Money Penalty**

15.     By reason of Defendants' alleged unlawful practices as plead in the Complaint and based on the factors in section 1055(c)(3) of the CFPA, 12 U.S.C. § 5565(c)(3), a judgment for a civil money penalty is entered in favor of the Bureau and against Defendants, jointly and severally, in the amount of $1,376,000.00. Payment of this amount shall be made by wire transfer to the Bureau according to instructions to be provided by the Bureau.

16.     Defendants shall pay this amount according to the following schedule:

       (a)     by December 31, 2013, $555,000;

       (b)     by December 31, 2014, $325,000;

       (c)     by December 31, 2015, $325,000; and

       (d)     by December 31, 2016, $171,000.

17.     The Bureau shall deposit those funds into the Civil Penalty Fund administered by the Bureau under section 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

18.     This civil penalty shall be treated as a penalty paid to the government for tax purposes. Defendants shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any amounts that Defendants pay under this Consent Order.

**C.     Other Monetary Provisions**

19.     In the event of any default on Defendants' obligations to make any payment under this Consent Order, interest, computed under 28 U.S.C. § 1961, as amended, shall accrue on any outstanding amounts not paid from the date of default to the date of payment, and shall immediately become due and payable.

20.     Defendants shall relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law and no part of the funds shall be returned to Defendants.

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

21.	In accordance with 31 U.S.C. § 7701, Defendants shall furnish to the Bureau their taxpayer-identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amounts arising out of this Consent Order.

22.	Within 30 days of the entry of a final judgment, consent order, or settlement in a Related Consumer Action, Meracord or Mrs. Remsberg, as applicable, shall notify the Bureau of the final judgment, consent order, or settlement in writing. That notification shall indicate the amount of redress, if any, that Meracord or Mrs. Remsberg paid or may be required to pay to consumers and describe the consumers or classes of consumers to whom redress will be paid.

23.	Defendants agree that under section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), the Bureau may obtain from any consumer reporting agency a consumer report concerning any Defendant. The Bureau may use any such report to collect on and report any amount not paid as required by this Consent Order.

24.	Each party shall bear its own costs and fees arising from this matter.

**D.	Cooperation with Bureau Counsel**

25.	In connection with this action, or any subsequent matter related to the conduct described in the Complaint, Defendants shall cooperate in good faith with the Bureau and appear at such places and times as the Bureau shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the Bureau. Specifically, Defendants shall assist the Bureau in determining the identity of and amount of injury suffered by each affected consumer.

**E.	Compliance Monitoring**

26.	For 3 years from the Effective Date, Defendants shall submit, within 14 days of receipt of a written request from the Bureau, additional compliance reports or other requested information, which shall be made under penalty of perjury, appear for depositions, and produce

STIPULATED FINAL
JUDGMENT AND ORDER - 6

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

documents. In furtherance of this requirement, the Bureau is authorized to obtain discovery, without leave of court, using any of the procedures prescribed by the Federal Rules of Civil Procedure.

27.     Meracord agrees to be subject to the Bureau's supervisory authority under 12 U.S.C. § 5514 for 3 years from the Effective Date. Consistent with 12 C.F.R. § 1091.111, Meracord shall not petition for termination of supervision under 12 C.F.R. § 1091.113.

28.     For purposes of this section, the Bureau is authorized to communicate directly with Defendants through undersigned counsel.

**F.      Compliance Reporting**

29.     For 3 years from the Effective Date, Meracord shall submit a compliance notice, under penalty of perjury, within 14 days of: (a) any change in corporate structure that may affect its compliance with this Consent Order, including a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; (b) the creation or dissolution of a subsidiary, parent, or affiliate that engages in account-maintenance or payment-processing activities; or (c) the filing of any bankruptcy petition or proceeding by or against Meracord. Further, in the case of a change in Meracord's name or address, such notice shall be provided at least 30 days before the change.

30.     For 3 years from the Effective Date, Mrs. Remsberg shall submit a compliance notice, under penalty of perjury, within 14 days of: (a) any change in residence address; (c) any change in title or ownership interest in any business, identifying for each its name, physical address, and Internet address; or (c) the filing of any bankruptcy petition or proceeding by or against Mrs. Remsberg.

31.     For purposes of this Consent Order, unless otherwise directed by the Bureau, Defendants shall send by overnight delivery all reports and notifications required by this Consent Order to the Bureau to the following address:

STIPULATED FINAL
JUDGMENT AND ORDER - 7

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTENTION: Office of Enforcement
1700 G Street, N.W.
Washington D.C. 20552
RE: CFPB v. Meracord, Matter No. 2011-0112-02

32.     In lieu of overnight delivery, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Bureau at Enforcement_Compliance@cfpb.gov.

**G.     Recordkeeping**

33.     For 3 years from the Effective Date, Meracord shall maintain and make available to the Bureau upon request the following records relating to third-party administration services to consumers: (a) accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss; (b) personnel records showing, for each person providing services, whether as an employee or otherwise, that person's name, addresses, telephone numbers, job title or position, dates of service, and, if applicable, the reason for termination; (c) consumers' files containing the names, addresses, phone numbers, and amounts paid, to the extent such information is obtained in the ordinary course of business; (d) complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests; (e) copies of all sales scripts, training materials, advertisements, direct mail solicitations, contracts sent to consumers, or other marketing materials; and (f) all records and documents necessary to demonstrate full compliance with each provision of this Consent Order, including all submissions to the Bureau.

**H.     Order Distribution and Acknowledgement**

34.     Within 30 days of the Effective Date, Meracord shall deliver a copy of this Consent Order to each of its officers, directors, supervisors, and managers.

STIPULATED FINAL
JUDGMENT AND ORDER - 8

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

35.     Within 30 days of the Effective Date, Meracord shall secure from all persons receiving a copy of this Consent Order under this section a signed and dated statement acknowledging receipt of a copy of this Consent Order, with any electronic signatures complying with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-06.

**I.      Scope of Consent Order**

36.     The Bureau releases and discharges the Defendants from all potential liability for any causes of action or claims that have been or might have been asserted by the Bureau based on the practices alleged in the Complaint or conduct related to Debt Relief Service or Mortgage Assistance Relief Service, to the extent such practices or conduct are known to the Bureau as of the Effective Date. No part of this Consent Order, including any findings or characterizations of the Defendants' obligations, shall constitute an admission of any fact, other than jurisdictional facts, or of liability, fault, or wrongdoing by Defendants.

**J.      Retention of Jurisdiction**

37.     The Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Consent Order.

STIPULATED FINAL
JUDGMENT AND ORDER - 9

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722

**SO STIPULATED:**

1

2

3   s/ Jeffrey Paul Ehrlich                                        10/3/2013
    Jeffrey Paul Ehrlich                                           Date
4   Attorney for Consumer Financial Protection Bureau

5

6   s/ Linda Remsberg                                              10/3/2013
    Mrs. Linda Remsberg, individually and on behalf of            Date
    Meracord LLC
7

8   s/ Angelo J. Calfo                                             10/3/2013
    Angelo J. Calfo                                                Date
9   Calfo Harrigan Leyh & Eakes LLP
    Attorneys for Mrs. Linda Remsberg and Meracord LLC
10

11

12      IT IS SO ORDERED

13      DATED this 4th day of October, 2013.

14

15

16

17      RONALD B. LEIGHTON
        UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7598 ● FAX 202-435-7722